UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KEITH ANJOYOUS DUNN,

Plaintiff,

v.

ALBERTSONS, et al.,

Defendants.

Case No. 2:16-cv-02194-GMN-PAL

**ORDER**

(IFP Application – ECF No. 1)

This matter is before the court on Plaintiff Keith Anjoyous Dunn's Application to Proceed *In Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**I.  IN FORMA PAUPERIS APPLICATION**

Mr. Dunn is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1915 and LSR 1-1, any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400 filing fee. Here, Dunn has requested authority to proceed IFP and submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed IFP will be granted and the court will review the complaint (ECF No. 1-1).

**II.  SCREENING THE COMPLAINT**

Pursuant to § 1915(e), federal courts must screen all IFP complaints prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). If the court determines that the complaint states a valid claim for relief, the court will direct the Clerk of the Court to issue summons to the defendant(s) and the

plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). If the court determines that the complaint fails to state an actionable claim, the complaint is dismissed and the plaintiff is ordinarily given leave to amend with directions as to curing the pleading deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**A. Mr. Dunn's Factual Allegations and Claims for Relief**

The Complaint (ECF No. 1-2) names as defendants Albertsons, a grocery store in Las Vegas, and four "John Doe" employees of Albertsons. Mr. Dunn alleges that on May 20, 2016, he visited Albertsons to shop for groceries and he had a duffel bag in his possession. Four Albertsons employees of Mexican decent confronted him asking him what was inside his duffel bag. They accused Dunn of stealing from the store on numerous occasions and told him that he looked weird and was up to something. Mr. Dunn denied stealing anything and told the store employees to call law enforcement. He felt they were making false accusations and discriminating against him based on his color. The manager called the police and misrepresented Dunn as someone who was stealing, non-compliant, and refusing to leave the store.

When the police arrived, an officer aggressively detained Mr. Dunn then spoke with a store security employee about what happened. Dunn was taken outside in handcuffs and instructed to face the squad car while the store security employee showed the police officer a document stating that Dunn had shoplifted from Albertsons several times. The officer asked Dunn if he could check the duffel bag. The search revealed nothing from the store. Angered by the incident, Mr. Dunn yelled at the store security employee that he wanted to beat him up. The police arrested Dunn for harassment and took him to jail where he served 28 days in solitary confinement on suicide watch.

Mr. Dunn alleges that defendants were the cause of his incarceration.

The complaint alleges claims under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*, and NRS 651.070, which both address discrimination in public accommodations. Dunn seeks punitive and emotional distress damages as well as injunctive relief.

For the reasons discussed below, the court finds that the complaint fails to state a claim upon which relief can be granted and Mr. Dunn will be given leave to amend.

### B. Legal Standard

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound "to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in law and fact. *Id.*; *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke*, 490 U.S. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The standard for determining whether a plaintiff fails to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *N. Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all

---

[1] Any reference to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

3

civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 679–80. A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Stated differently, the factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.

**C. Analysis**

1. <u>The Public Accommodations Act</u>

Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq*. (the "Public Accommodation Act" or the "Act"), prohibits discrimination and segregation on the ground of race, color, religion, or national origin in facilities principally engaged in selling food for consumption on the premises, and in gasoline stations. *Daniel v. Paul*, 395 U.S. 298, 307–08 (1969). To state an actionable discrimination claim under the Act, a plaintiff must allege that he or she: (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodations; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class. *See, e.g.*, *United States v. Lansdowne Swim Club*, 894 F.2d 83, 88 (3d Cir. 1990).

Here, the Complaint (ECF No. 1-2) fails to allege sufficient facts to state a claim for public accommodation discrimination. Mr. Dunn alleges that defendants made false accusations against him and discriminated against him based on his color. The allegations indicate that Dunn attempted to exercise the right to full benefits and enjoyment of Albertsons and was denied those benefits and enjoyment by Albertson's employees. However, he does not allege that he was treated

4

less favorably than similarly situated persons who are not members of the protected class. For example, in *Slocumb v. Waffle House, Inc.*, 365 F. Supp. 1332 (N.D. GA. 2005), an African–American family successfully pled that they were treated less favorably than similarly situated persons outside their protected class by pleading that a hostess seated and served several white families similarly situated to plaintiffs prior to seating and serving plaintiffs, despite their arrival at the restaurant first. Mr. Dunn will be given leave to amend.

In addition, the complaint does not sufficiently allege that Albertsons meets the statutory definition for "places of public accommodation." As defined in the statute, the following establishments are places of public accommodation:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
>
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
>
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
>
> (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b). Despite the seemingly broad language "affect interstate commerce," courts have interpreted the definition of places of public accommodation narrowly, generally adhering to the three categories outlined in the statute: lodgings, restaurants, and entertainment facilities. *See, e.g.*, *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006) (finding that the Act "sets forth a comprehensive list of establishments that qualify as a 'place of public accommodation' . . . and in so doing excludes from its coverage those categories of establishments not listed"). The Ninth Circuit has held that the statute's plain language represents a clear Congressional intent to limit the definition of "places of public accommodation." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 755 (9th Cir. 1994) (noting that the statute was enacted "to provide a remedy only for discrimination occurring in facilities or establishments serving the public: to conclude otherwise would obfuscate the term 'place' and render nugatory the examples

Congress provides to illuminate the meaning of that term").

A grocery store is not a place of public accommodation under the Public Accommodation Act unless it meets the criteria of subsection (4). *See, e.g.*, *Brown v. Whole Foods Mkt. Grp., Inc.*, 965 F. Supp. 2d 132, 138 (D.D.C. 2013) (holding that the complaint sufficiently pled the defendant grocery store was a place of public accommodation by alleging that a "fully functioning restaurant" was operated on the premises), *rev'd in part on other grounds*, 789 F.3d 146 (D.C. Cir. 2015). Here, Albertsons is not an establishment expressly described in subsections (1)–(3). The complaint does not allege facts showing that Albertsons meets the criteria of subsection (4). To state an actionable claim under the Public Accommodation Act, Mr. Dunn must allege that Albertsons meets subsection (4)'s additional criteria.

Lastly, the court notes that the complaint does not indicate Dunn has complied with the Act's notice requirement. The Public Accommodation Act provides:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State . . . which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice . . . upon receiving notice thereof, *no civil action may be brought under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority* by registered mail or in person . . . .

42 U.S.C. § 2000a–3(c) (emphasis added). Therefore, if the state in which the alleged civil rights violation occurred has established an agency with authority to hear complaints of discrimination prohibited by the Public Accommodation Act, a plaintiff must give notice of the violation to the appropriate state agency. *See Boyle v. Jerome Country Club*, 883 F. Supp. 1422, 1425–26 (D. Idaho 1995) (citing *Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142, 1144–45 (7th Cir. 1993)); *see also Bilello v. Kum & Go, LLC*, 374 F.3d 656, 658–59 (8th Cir. 2004); *Watson v. Fraternal Order of Eagles*, 915 F.2d 235, 242 (6th Cir. 1990). The State of Nevada has created a state agency for the purpose of protecting human rights: the Nevada Equal Rights Commission ("NERC"). In NRS 233.010(2), the legislature declared that the public policy of the State of Nevada is

> to protect the welfare, prosperity, health and peace of all the people of the State, and to foster the right of all persons reasonably to seek and be granted services in places of public accommodation without discrimination distinction or restriction because of race, religious creed, color, age, sex, disability, sexual orientation, national origin, ancestry or gender identity or expression.

1 To enforce this policy, NERC was created with the authority to investigate and conduct hearings regarding "tensions, practices of discrimination and acts of prejudice" against any protected person or group. NRS 233.150(a). Pursuant to the notice requirement of the Public Accommodation Act, Mr. Dunn must provide notice to NERC of his claim before filing suit.

2. <u>Supplemental Jurisdiction for State Law Claim</u>

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Subject matter jurisdiction gives a court jurisdiction over the *type of case* that a plaintiff brings. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When a plaintiff states an actionable claim under federal law, district courts have supplemental jurisdiction over all claims in the case that are so related to claims providing original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

Jurisdiction in this case is purportedly based on this court's original jurisdiction over Mr. Dunn's discrimination claim pursuant to the Public Accommodation Act, a federal law. However, the remaining claim arises under Nevada state law. Because Mr. Dunn's allegations fail to state an actionable federal claim, the court necessarily cannot exercise supplemental jurisdiction over his state-law claim. 28 U.S.C. § 1367(a) ("[I]n any civil action *of which the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction") (emphasis added); *Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 805 (9th Cir. 2001) ("The statute's plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it.").

III. **AMENDING THE COMPLAINT**

If Mr. Dunn chooses to file an amended complaint, he must do so by **September 10, 2017**. The amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim he has showing he is entitled to relief; and (3) a demand for the relief he seeks. *See* Fed. R. Civ. P. 8(a). The amended complaint should set forth the claims in short

7

and plain terms, simply, concisely, and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). This means that Dunn should avoid legal jargon and conclusions. Instead, he should summarize the information they believe to be relevant in their own words for each claim asserted in the amended complaint. *Iqbal*, 556 U.S. at 678.

Mr. Dunn is advised to support each of his claims with factual allegations because all complaints must contain sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216. When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Mr. Dunn should specifically identify each defendant to the best of his ability, clarify what right he believes each defendant violated and support each claim with factual allegations about each defendant's actions. Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim. *McHenry*, 84 F.3d at 1178. A plaintiff must state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

Mr. Dunn is also informed that the court cannot refer to a prior pleading (*i.e.*, the original complaint) in order to make the amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. *See* LR 15-1(a). This is because, as a general rule, an amended complaint supersedes the original complaint. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Lastly, the court notes that plaintiffs are required to provide a mailing address in order to receive notice of case filings from the Clerk of the Court. The Local Rules require pro se parties immediately file with the court written notification of any change of mailing address, email address, or telephone number. *See* LR IA 3-1; LSR 2-2; *see also Carey v. King*, 856 F.2d 1439,

1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Failure to do so "may result in dismissal of the action, entry of default judgment, or other sanctions." LR IA 3-1. None of Mr. Dunn's papers contain a residential address. His complaint states he lives in Las Vegas, Nevada in zip code 89108. He did, however, provide an email address. Thus, the Clerk of the Court will be instructed to serve this Order at the email address listed on the Complaint.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Keith Anjoyous Dunn's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**.
2. Mr. Dunn is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance or service of subpoenas at government expense.
3. The Clerk of the Court SHALL FILE the Complaint (ECF No. 1-2) but ***SHALL NOT*** issue summons.
4. The Clerk of Court SHALL SERVE this Order at the email address listed on the Complaint.
5. Mr. Dunn's Complaint is DISMISSED with leave to file an amended complaint by **September 10, 2017**, if he believes he can correct the noted deficiencies.
6. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.
7. Mr. Dunn shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on the first page and write 2:16-cv-02194-GMN-PAL as the case number.

///

8. Mr. Dunn's failure to comply with this Order before the **September 10, 2017** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 10th day of August, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE